UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 25-mj-854(DTS)

UNITED STATES OF AMERICA,

        Plaintiff(s)

v.

MAXWELL LOUIS COLLYARD,
a/k/a GLORIA LOUIS COLLYARD,

        Defendant(s)

## RESPONSE TO GOVERNMENT'S MOTION TO DISMISS

Defendant, by counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows:

1. On January 20, 2026, Defendant filed a Motion to Dismiss for Failure to File Indictment Within Thirty Days of Arrest (ECF# 18), pursuant to 18 USC §3161(b) and §3162(a)(1). The Motion did not specify whether dismissal was sought with or without prejudice.

2. On January 20, 2026, the Government filed a Motion to Dismiss (ECF#20) pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The Government sought dismissal of the Complaint without prejudice.

3. Defendant files this Response to Government's Motion to Dismiss to clarify that Defendant seeks dismissal of the Complaint with prejudice,

whether pursuant to the Defendant's Motion to Dismiss or the Government's Motion to Dismiss.

4. In ruling upon a Motion to Dismiss pursuant to 18 USC §3162, the Court has the discretion to dismiss with or without prejudice. <u>United States v. Kramer</u>, 827 F.2d 1174, 1176 (8th Cir. 1987). The Speedy Trial Act, 18 USC §3161, et. seq., "does not accord a preference to either remedy." *Id.*

5. The Act provides that in considering whether the to dismiss the case with or without prejudice, the court shall consider: (a) the seriousness of the offense; (b) the facts and circumstances of the case which led to dismissal; and, (c) the impact of a reprosecution on the administration of [the Act] and on the administration of justice. 18 USC §3162(a)(2).

6. Dismissal with prejudice is appropriate based on the factors identified in §3162(a)(2):

   A. <u>Seriousness of the Offense</u> – The allegations made in the Complaint, and based on the record developed at the Preliminary Hearing held on December 30, 2025, are that Defendant and another individual subsequently identified as Abdikadir Noor "tackled" an individual identified as Deportation Office (DO) Cuni as he and other federal agents dragged a woman on the snowy pavement who was suspected of spray painting a government vehicle. There is no allegation that a dangerous weapon was used or that any federal agent suffered bodily harm. While the matter is charged as a felony offense, and any assault on federal law enforcement agent may be considered a serious offense, the allegations of assault are relatively less serious in that the incident was brief, did not involve a weapon or punches or strikes with a hand or foot, and no injury was caused. Further, as detailed below, there is a substantial question as to whether the alleged assault occurred at all and whether DO Cuni (the sole officer interviewed by investigators) was a credible witness.

B. <u>Facts and Circumstances of the Case</u> – As stated above, the allegations of the Government are that Defendant and a man identified as Abdikadir Noor tackled DO Cuni and caused him to go to the ground. Abdikadir Noor was a Declarant and Plaintiff in <u>Tincher v. Noem</u>, et. al, 25-cv-4669 (KMM/DTS), a civil action seeking to enjoin federal agents from engaging in unlawful and unconstitutional conduct directed at peaceful demonstrators and observers. As a result, in <u>Tincher</u>, the Government had every incentive to characterize Mr. Noor, a Plaintiff seeking injunctive relief, as a "violent protester." Nonetheless, while making claims that Mr. Noor was leading protestors in threatening and interfering with federal agents, the declaration filed by the Government and authored by Acting Field Office Director for the St. Paul Enforcement and Removal (ERO) Field Office, appears to have not made any claim that Mr. Noor was involved in assaulting or "tackling" a federal agent. Mr. Noor was arrested on the same date and time as Defendant and was was released from custody after approximately eight hours and not charged with any criminal offense. In granting injunctive relief to Mr. Noor and other Plaintiffs, the Honorable Katherine Menendez, found that the record before the Court "does not provide a sound basis for the Court to conclude… that Mr. Noor "threatened to interfere, acted aggressively, pushed up into ICE officers' faces, shouted obscenities, and threw rocks and ice" as claimed in the Easterwood Declaration. (Order, 25-cv-4669, 1/16/2026, ECF # 85, p.59). Judge Menendez concluded that it was "most likely" that federal agents "were simply fed up with the protesters generally, and Mr. Noor specifically," and retaliated against Mr. Noor and others "for engaging in protected First Amendment activity." (*Id.,* p.60).

Accordingly, Defendant contends that the Government simply doubts its own case against Defendant and doubts the credibility of DO Noor. This would be consistent with the stated intent of former Assistant United States Attorney Thomas Calhoun-Lopez to counsel by telephone on January 6, 2026, that the Government intended to dismiss the case against Defendant. The facts and circumstances of this matter support dismissal with prejudice.

C. <u>Administration of Justice</u> – Defendant was arrested on December 15, 2025, and held in custody until he was released after a detention hearing held on December 17, 2025. He has faced the threat of prosecution for the past month, with the potential for a substantial prison sentence. The Government now seeks to dismiss under Rule 48(a), without providing any justification for its action or promises that Defendant will not be prosecuted for the same conduct in the future. Based on the Facts and

Circumstances outline above, it now appears that the Government seeks to dismiss the matter because it lacks credible evidence to obtain an Indictment before a grand jury and to avoid the embarrassment of making full discovery disclosures and having the misconduct of federal agents further exposed. Defendant should not have to live with the threat of future prosecution for the next five years until the statute of limitations in this matter runs. Dismissal with prejudice is appropriate to ensure the fair administration of justice and avoid a potential prosecution in the future based upon the political and public relations agenda of the United States Department of Justice.

WHEREFORE, Defendant moves that in granting any Motion to Dismiss that the Court exercise its discretion and dismiss this matter with prejudice.

Dated: January 21, 2026                              S/BRUCE D. NESTOR
                                                     Bruce D. Nestor, 0318024 – MN
                                                     DE LEÓN & NESTOR, LLC
                                                     3547 Cedar Avenue South
                                                     Minneapolis, MN  55407
                                                     (612) 659-9019
                                                     (612) 436-3664 – Facsimile
                                                     nestor@denestlaw.com