UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 25-mj-854 (DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MAXWELL LOUIS COLLYARD, a/k/a GLORIA LOUIS COLLYARD | ) ) ) |
| Defendant. | ) |

**REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Jeanne D. Semivan, Special Assistant United States Attorney, hereby replies to the defendant's response to its Motion to Dismiss the complaint in this matter without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. For the reasons explained below, the defendant has not provided sufficient basis to overcome the general rule that such dismissal should be without prejudice.

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment." "As a general rule, a dismissal with leave of court [pursuant to Rule 48(a)] is considered to be without prejudice." *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973) (noting, further, that Rule 48(a) "has regularly been interpreted to mean that a dismissal of an indictment at the request of the government prior to trial does not bar subsequent prosecution for criminal acts described in that indictment"); *see also United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973) (a dismissal pursuant to Rule 48(a) "is without prejudice"); *United*

*States v. Davis*, 487 F.2d 112, 118 (5th Cir. 1973); *cf. United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020) (recognizing that Rule 48 dismissals are not by their very nature with prejudice, so dismissal does not bar subsequent prosecution for the same criminal acts in dismissed indictments).

In passing upon a speedy-trial claim, courts are directed to assess the interplay in the particular case of four factors: (1) the length of the delay, (2) the reason(s) for the delay, (3) the assertion by the defendant of the right to a speedy trial, or his failure to assert it, and (4) the prejudice which the defendant has suffered by reason of the delay. *United States v. McLemore*, 447 F. Supp. 1229, 1234 (E.D. Mich. 1978) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). As the Court in *Barker* elaborated,

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

*Barker*, 407 U.S. at 532.

Here, the delay was short, only a couple days beyond the window to indict. As the defendant notes, although the government's Motion to Dismiss was not added to the docket until January 20,[1] the government had informed the defense in advance of its intention to seek dismissal of the complaint (ECF No. 21 at 3). This advance notice should have operated reduce any anxiety and concern of the accused. The

---

[1] As the undersigned informed defense, she intended to file a motion to dismiss once former AUSA Calhoun-Lopez was unable to do so. However, due to technical issues, the undersigned was ultimately unable to access ECF until January 20, 2026. A request for assistance in filing before then faltered due to apparent miscommunication.

defendant was not detained at this time, removing the concern of oppressive pretrial incarceration. And it is not apparent how the delay in filing the government's motion to dismiss would have prejudiced the defendant, or undermined a defense. *See United States v. Lake*, 233 F. Supp. 2d 465, 473–74 (E.D.N.Y. 2002) ("A defendant bears the "heavy burden" of proving both that he suffered actual prejudice because of the alleged pre-indictment delay and that such delay was a course intentionally pursued by the government for an improper purpose.") (citing *United States v. Cornielle,* 171 F.3d 748, 752 (2d Cir.1999); *United States v. Scarpa,* 913 F.2d 993, 1014 (2d Cir.1990); *United States v. Hoo,* 825 F.2d 667, 671 (2d Cir.1987)).

To the extent that the defendant argues facts and circumstances of this matter weigh in favor of dismissal with prejudice (ECF No. 21 at 3-4), this is insufficient to overcome the ordinary course of dismissal without prejudice. The government's determination that the available evidence does not warrant presentment to the grand jury should not foreclose it from doing so in the future should additional evidence come to light.

Dated: February 10, 2026     Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*/s/ Jeanne D. Semivan*

BY: Jeanne D. Semivan
Special Assistant United States Attorney