**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | MJ No. 25-854 (DWF/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Maxwell Louis Collyard, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Maxwell Louis Collyard's motion to dismiss for failure to file an indictment within thirty days of arrest (Doc. No. 18) and the United States of America's (the "Government") motion to dismiss the complaint (Doc. No. 20). For the reasons set forth below, the Court grants Collyard's motion, denies the Government's motion as moot, and dismisses the complaint with prejudice.

## BACKGROUND

Collyard is charged with assault on a federal officer under 18 U.S.C. § 111(a). (Doc. No. 1.) The Government alleges that on December 15, 2025, Collyard, along with another person, tackled a U.S. Immigration and Customs Enforcement ("ICE") agent, while a group of federal officers attempted to make an arrest. (Doc. No. 1-1 ¶¶ 5-8; Doc. No. 17 at 9, 11.) The ICE agent alleges that Collyard followed him and a group of federal officers after they left the scene, so the officers arrested Collyard. (Doc. No. 1-1

¶ 10.)  The Government filed the complaint the next day, December 16, 2025.  (Doc.

No. 1.)  Collyard made their first appearance on December 17, 2025.  (Doc. No. 5.)

On January 20, 2026, Collyard filed a motion to dismiss the complaint for failure

to indict within thirty days of arrest, as required by the Speedy Trial Act, 18 U.S.C.

§ 3161(b).  (Doc. No. 18.)  Later that day, the Government filed its own motion to

dismiss the complaint under Rule 48(a) of the Federal Rules of Criminal Procedure.

(Doc. No. 20.)  The Government asks for dismissal without prejudice.  (*Id.*)  Collyard

asks for dismissal with prejudice.  (Doc. No. 21 ¶ 3.)

## DISCUSSION

Under the Speedy Trial Act, "[a]ny information or indictment charging an

individual with the commission of an offense shall be filed within thirty days from the

date on which such individual was arrested or served with a summons in connection with

such charges."  18 U.S.C. § 3161(b).  If that deadline is not met, "such complaint shall be

dismissed or otherwise dropped."  *Id.* § 3162(a)(1).  It is indisputable that the

Government failed to indict Collyard within the period required by the Speedy Trial Act.

Thus, dismissal is mandatory.  The only question is whether dismissal should be with or

without prejudice.  To make this determination, "the court shall consider, among others,

each of the following factors:  the seriousness of the offense; the facts and circumstances

of the case which led to the dismissal; and the impact of a reprosecution on the

administration of this chapter and on the administration of justice."  *Id.*  "The Act does

not accord a preference to either remedy."  *United States v. Kramer*, 827 F.2d 1174, 1176

(8th Cir. 1987).

Collyard argues that dismissal should be with prejudice for several reasons. First, there are no allegations that any law enforcement officer was injured, that a weapon was used, or that there were any punches or strikes. (Doc. No. 21 ¶ 6.) Second, there is a substantial question about whether the alleged assault even occurred. (*Id.*) This is bolstered by the lack of charges against the other person allegedly involved in the tackle, Abdikadir Noor. (*Id.*) Third, Collyard asserts that dismissal with prejudice is necessary "to ensure the fair administration of justice and avoid a potential prosecution in the future based upon the political and public relations agenda of the United States Department of Justice." (*Id.*) The Government did not address Collyard's motion to dismiss with prejudice under the Speedy Trial Act. (*See* Doc. No. 25.) Instead, it focused on dismissal under Rule 48(a) and the Speedy Trial Clause of the Sixth Amendment. (*Id.*)

After a thorough review of the record, the Court finds that the factors weigh in favor of dismissal with prejudice. First, the seriousness of the offense factor weighs in Collyard's favor. Assault on a federal officer certainly can be—and usually is—a serious offense. However, in this instance, there are no allegations that a weapon was used or that the ICE agent sustained any injury. Furthermore, the evidence that an assault occurred at all is weak. The allegations are vague and contradictory. Federal officers reviewed multiple videos of the events of December 15, 2025. None saw a "tackle" or other kind of assault. (*See* Doc. No. 17 at 13-14, 29.)

Second, the facts and circumstances of the case favor dismissal with prejudice. The lack of evidence weighs in Collyard's favor on this factor as well. Additionally, the Government admitted in its reply that it never attempted to present this case to a grand

jury. (Doc. No. 25 at 3 ("The government's determination that the available evidence does not warrant presentment to the grand jury should not foreclose it from doing so in the future should additional evidence come to light.").) Despite its decision not to present to a grand jury, the Government failed to file a motion to dismiss until after the deadline set by the Speedy Trial Act. The Government says it failed to file a motion due to miscommunication in the U.S. Attorney's Office and technological issues. (*Id.* at 2 n.1.) However, it seems that the Government informed Collyard of its intention to dismiss this case as early as January 6, 2026. (Doc. No. 21 ¶ 6.) Miscommunication and technological issues do not explain a failure to file for at least two weeks. The Government's neglectful attitude factors against it. *See United States v. Taylor*, 487 U.S. 326, 338 (1988).

Moreover, Collyard's argument about the lack of charges against Noor is well-taken. Judge Katherine M. Menendez recently addressed this encounter between federal officers and Noor on December 15, 2025, in *Tincher v. Noem*, No. 25-cv-4669, 2026 WL 125375 (D. Minn. Jan. 16, 2026), *appeal docketed*, No. 26-1105 (8th Cir. Jan. 20, 2026). Judge Menendez found that:

> The full record does not provide a sound basis for the Court to conclude, as Director Easterwood states, that Mr. Noor "threatened to interfere, acted aggressively, pushed up into ICE officers' faces, shouted obscenities, and threw rocks and ice at ICE officers." In fact, at the time of Mr. Noor's arrest, which occurs well into the provided videos, it appears most likely that the ICE officers were simply fed up with the protesters generally and Mr. Noor specifically, rather than responding to any threatening conduct. At no time can Noor be seen physically interfering with the agents, nor threatening them.

*Id.* at *26 (citation omitted).

Lastly, the administration of justice factor weighs in Collyard's favor. Collyard suggests that future prosecution may be politically motivated. The Government did not contest that argument, nor did it address the administration of justice factor whatsoever. This factor weighs in Collyard's favor due to the Government's failure to address Collyard's argument and the anxiety that the threat of reprosecution creates.

In conclusion, the Government failed to indict Collyard within the thirty days required by the Speedy Trial Act. After thoroughly reviewing the record and weighing the factors, the Court finds that dismissal with prejudice is the appropriate remedy. The Court grants Collyard's motion and denies the Government's motion as moot.[1]

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Defendant Maxwell Louis Collyard's motion to dismiss for failure to file indictment within thirty days of arrest (Doc. No. [18]) is **GRANTED**.

2.      The United States of America's motion to dismiss the complaint (Doc. No. [20]) is **DENIED AS MOOT**.

3.      The complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.


Dated: February 17, 2026                     s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge

---

[1]      The Speedy Trial Act requires dismissal, so the Court does not reach the Government's discretionary dismissal motion under Rule 48(a). That motion is denied as moot.